IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

September 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN RUCKER, | ) | |
| | ) | NO. 01C01-9709-CR-00411 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**DWIGHT E. SCOTT**
4024 Colorado Avenue
Nashville, TN 37209

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TIMOTHY F. BEHAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**KATRIN NOVAK MILLER**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**LEE MOORE,**
**SPECIAL JUDGE**

**OPINION**

The petitioner, John Rucker, appeals the dismissal of his petition for post-conviction relief. On March 30, 1995, petitioner entered a best interest plea of guilty to two (2) counts of second degree murder, one (1) count of especially aggravated robbery and one (1) count of especially aggravated kidnaping.

On April 1, 1996, the petitioner filed a petition for post-conviction relief. A second petition for post-conviction relief was filed on July 8, 1996. A post-conviction hearing was conducted on April 7, 1997. The trial court denied the petition for post-conviction relief on April 22, 1997. A notice of appeal was timely filed on April 30, 1997.

After a review of the post-conviction record on appeal and the applicable law, we **affirm** the judgment of the trial court.

**PROCEDURAL HISTORY**

In July of 1992, petitioner was indicted for six (6) separate felony counts including two (2) counts of first degree murder, two (2) counts of felony murder, one (1) count of especially aggravated robbery, and one (1) count of especially aggravated kidnaping. Petitioner was later indicted for aggravated rape relating to the same criminal episode. On March 30, 1995, petitioner entered a best interest plea of guilty to two (2) counts of second degree murder, one (1) count of especially aggravated robbery and one (1) count of especially aggravated kidnaping. The petitioner received four (4) consecutive fifteen (15) year sentences for a total effective sentence of sixty (60) years. The aggravated rape charge was dismissed under the plea agreement.

On April 1, 1996, the defendant filed a petition for post-conviction relief. A

2

second petition was filed on July 8, 1996. A hearing on the petition was conducted on April 7, 1997. The petitions for post-conviction relief were denied by order entered on April 22, 1997. The defendant timely filed his notice of appeal on April 30, 1997.

The defendant raised three (3) issues on appeal as follows:

1.      Was appellant's guilty plea made understanding the nature and elements of the offenses and the consequences of his plea?

2.      Was the plea voluntary or obtained by way of threats, intimidation or coercion?

3.      Was appellant provided with ineffective assistance of counsel?

## POST-CONVICTION - STANDARDS FOR REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755.

3

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD OF REVIEW

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d at 579; Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment. . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense,

4

does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

## FACTS

At the post-conviction hearing, appellant testified that his attorney did tell him the charges against him but indicated that he did not go into detail as to what they meant. He stated that his attorney did not tell him what the state had to do to convict him of first degree murder, second degree murder, kidnaping, robbery or the terms "aggravated" and "especially aggravated". He indicated his attorney never explained to him criminal responsibility. He testified that trial counsel led him to believe he was pleading guilty to accessory before and after the fact to those crimes. He indicated that trial counsel kept telling him that he was going to get nothing but fifteen (15) years. He thought the sentences would run concurrently rather than consecutively. He testified that trial counsel went over the plea petition on " the day that he had me to cop out." He testified that trial counsel gave him the petition to read but did not read it to him. He stated that he read certain parts of it but could not recall the parts he read. He had a ninth grade education. He indicated he could read good enough to get by. He felt like he was being forced to

plead because his trial counsel kept telling his daddy that he would get life if he did not plead guilty. He did not think he would have pled guilty if trial counsel had taken more time to counsel with him thoroughly. He did admit on cross-examination that he had signed the petition for the guilty plea. When asked if he remembered Judge Wyatt having gone over his rights and asking him if his plea was voluntary, he indicated that he was in such a daze that he was really not paying attention. He was twenty-one (21) years old at the time of his guilty plea. The guilty plea was entered two (2) weeks before his case was to be tried.

Trial counsel, Thomas H. Ware, testified that he conferred with appellant on approximately seventeen (17) occasions while representing him. His time sheet showed eighteen (18) visits. He spent approximately 14.4 hours consulting with Mr. Rucker at the jail not counting telephone contacts or the times he saw Mr. Rucker in court. He had attempted to work out a lesser sentence based on petitioner cooperating with the state. DNA testing, however, contradicted petitioner's story and put them in a bind. He testified that he discussed in detail with petitioner the elements of aggravated and especially aggravated robbery and kidnaping. He advised Mr. Rucker that the murder charges were "just almost open and shut." He discussed first degree murder and second degree murder. He testified that he read the petition for the plea agreement to Mr. Rucker. He indicated that Mr. Rucker was always willing to enter a plea. He, however, was not happy with the number of years the state was offering. The state had started off asking for seventy-five (75) years and eventually they negotiated a plea bargain for sixty (60) years. Mr. Rucker would not initially plead guilty to an effective sixty (60) year sentence. He requested an effective forty (40) year sentence. Trial counsel testified that it was his opinion that if Mr. Rucker went to trial that he would be convicted of at least two (2) felony murder counts and probably would have received two (2) life sentences consecutive to each other. He thought that they had somewhat of a chance on the aggravated robbery and aggravated kidnaping charges. He, however, did not have any chance

6

on the aggravated rape case. After DNA testing was returned, Mr. Rucker did confirm that he had sexual relations with one of the murder victims.

The Petition To Enter A Plea Of Guilty indicates that petitioner has read and discussed the indictment with his attorney and that he has told his attorney everything about the facts and circumstances surrounding the charges against him. It indicates further that the petitioner understands the definitional elements of the crimes and that his attorney has explained what the state has to prove beyond a reasonable doubt to convict him.

Paragraph 6 of the petition describes the various charges and the ranges of punishments for each charge. Paragraph 22 sets out specifically that he is entering a best interest plea as follows:

        Count One - murder, second degree - fifteen (15) years imprisonment
        Count Three - especially aggravated robbery - fifteen (15) years
                imprisonment - consecutive to Count One
        Count Four - especially aggravated kidnaping - fifteen (15) years
                imprisonment - consecutive to Counts One and Three
        Count Five - murder, second degree - fifteen (15) years imprisonment -
                consecutive to Counts One, Three and Four
        Counts Two and Six - to be dismissed
        Case No. 958172 - to be dismissed

The transcript of the guilty plea hearing held on March 30, 1995, shows clearly that the court went over the range of punishment for second degree murder, especially aggravated robbery and especially aggravated kidnaping. The court also described the elements of the three (3) offenses and advised the petitioner that he had four (4) Class A felony convictions and any future convictions could enhance any punishment he might receive. His case was set for jury trial a couple of weeks off. He was advised of his right to a jury trial and that he had the presumption of innocence at trial. The court advised the petitioner that the state would have the burden of proof at trial and described the burden of proof beyond a reasonable doubt. He was advised of his right to confront his witnesses or accusers, his right against self-incrimination and his right to appeal. He identified the petition to enter

7

a plea of guilty and admitted that he had been advised of his rights set forth in that document. He admitted going over the document with his attorney. He admitted

understanding exactly what he was doing on that date. He admitted that he understood the sentence that was going to be imposed and the results of pleading guilty. Trial counsel indicated on the record that he had discussed the matter with the petitioner and was convinced that he understood the charges and the plea agreement.

## CONCLUSION

The post-conviction transcript is clear that petitioner understood the nature and the elements of the charges against him along with the consequences of his plea. The record is clear that the plea of guilty was entered knowingly, understandably and voluntarily by petitioner. There is no evidence in the record to indicate that trial counsel's performance was deficient or that any deficient performance resulted in prejudice to petitioner. Petitioner has failed to overcome the presumption that trial counsel's conduct falls within the wide range of acceptable professional assistance. In this case, the record is clear that trial counsel's conduct was well within the range of competence demanded of attorneys in criminal cases.

Accordingly, the judgment of the trial court is **AFFIRMED**.

_____
**LEE MOORE, SPECIAL JUDGE**

**CONCUR:**

_____
**JOE G. RILEY, JUDGE**

8

_____
**CURWOOD WITT, JUDGE**

## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

**JOHN RUCKER,**                )
                               )        C.C.A. No. 01C01-9709-CR-00411
    Appellant,           )
                               )        Davidson County No.  92-C-1496
vs.                            )
                               )        (Post-Conviction)
**STATE OF TENNESSEE,**          )
                               )        **AFFIRMED**
    Appellee.            )

## JUDGMENT

Came the appellant, John Rucker, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Criminal Court of Davidson County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is **AFFIRMED**, and the case is remanded to the Criminal Court of Davidson County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent.  Costs of appeal will be paid by the State of Tennessee.

Per Curiam

Lee Moore, Special Judge
Joe G. Riley, Judge
Curwood Witt, Judge